Metropolitan Med., P.C. v Allstate Ins. Co. (2021 NY Slip Op 50299(U))

[*1]

Metropolitan Med., P.C. v Allstate Ins. Co.

2021 NY Slip Op 50299(U) [71 Misc 3d 130(A)]

Decided on April 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-401 Q C

Metropolitan Medical, P.C., as Assignee of
Robinson Luc, Respondent-Appellant,
against
Allstate Insurance Co., Appellant-Respondent.

Peter C. Merani, P.C. (Adam J. Waknine of counsel), for appellant-respondent.
Glinkenhouse Queen, Esqs. (Alan Queen of counsel), for respondent-appellant.

Appeal and cross-appeal from an order of the Civil Court of the City of New York, Queens
County (Larry Love, J.), entered February 22, 2018. The order, insofar as appealed from by
defendant, granted plaintiff's motion to renew its prior motion to recalculate interest awarded in a
judgment entered August 10, 2007, and, upon renewal, ordered that the interest awarded in that
judgment be calculated at 2% per month compounded. The order, insofar as cross-appealed from
by plaintiff, sua sponte provided that postjudgment interest would accrue at 9% annually
pursuant to CPLR 5004.

ORDERED that the cross-appeal by plaintiff is dismissed; and it is further,
ORDERED that the order, insofar as reviewed, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, a judgment was
entered on August 10, 2007 awarding statutory no-fault interest from August 18, 2000 at a simple
rate (see 11 NYCRR 65-3.9 [a], effective April 5, 2002). Plaintiff moved, pursuant to
CPLR 5019 (a), to have that interest recalculated pursuant to the pre-2002 regulations, which
required no-fault interest to be calculated at a compound rate (see former 11 NYCRR
65.15 [h] [1]). Plaintiff's motion was denied on the ground that the court could not determine the
relevant dates, and thus could not determine the appropriate rate of interest to apply.
Plaintiff moved pursuant to CPLR 2221 (e) for leave to renew its motion and, upon renewal,
to have the no-fault interest awarded in the August 10, 2007 judgment recalculated at a [*2]compound rate. Plaintiff attached to its motion papers, among other
things, claim forms showing that the treatments at issue had been rendered in May 2000. By
order entered February 22, 2018, the Civil Court granted plaintiff's motion, finding that plaintiff
had now established the relevant dates and that plaintiff had a reasonable justification for its
failure to submit the claim forms with its original motion, and ordered that the interest awarded
in the judgment be calculated at a compound rate. In addition, the order sua sponte provided that
postjudgment interest would accrue at 9% annually pursuant to CPLR 5004. Defendant appeals
from so much of the order as granted plaintiff's motion to renew and, upon renewal, ordered that
the interest in the judgment be calculated at a compound rate, and plaintiff cross-appeals from so
much of the order as, sua sponte, provided that postjudgment interest would accrue at 9%
annually.
Plaintiff's cross-appeal is dismissed, as the portion of the order which set forth a rate for
postjudgment interest did not address a demand for relief made on notice and was, therefore, sua
sponte. Thus, that portion of the order is not appealable as of right (see CCA 1702 [a]
[2]), and we decline to grant leave to appeal.
Contrary to defendant's argument, plaintiff established a reasonable justification for its
failure to submit the claim forms in its original motion. Moreover, the record clearly
demonstrates that the claims involved herein are all governed by the former regulations providing
for compound interest (see Belt Parkway
Imaging, P.C. v State Wide Ins. Co., 30 Misc 3d 127[A], 2010 NY Slip Op 52229[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Thus, plaintiff's motion to renew
was properly granted, and, upon renewal, the Civil Court properly ordered that the interest
awarded in the judgment be calculated at 2% per month compounded.
Accordingly, the order, insofar as reviewed, is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 9, 2021